694

ILLINOIS CENTRAL R. CO. *v.* GARNER, SHELBY COUNTY
TRUSTEE *et al.*

(*Nashville*, December Term, 1949.)

Opinion filed June 9, 1950.

Rehearing denied July 15, 1950.

R. C. BECKETT, V. W. FOSTER, CHAS. A. HELSELL, all of
Chicago, Illinois, and LUCIUS E. BURCH, JR., of Memphis,
for complainant.

LAKE HAYS, HENRY W DUNIVANT, DUNLAP CANNON,
JR., and FRANK C. BYRD, all of Memphis, for defendants.

MR. JUSTICE PREWITT delivered the opinion of the Court.

Complainant, Illinois Central Railroad Company, seeks to recover interest and penalties paid under protest to defendants, Riley C. Garner, County Trustee of Shelby County, Tennessee, and Shelby County, Tennessee. On August 1, 1947, the Railroad and Public Utilities Commission assessed the property of complainant for the 1947-1948 biennium under Sections 1508-1540 of Williams' Code. From this assessment complainant appealed to the State Board of Equalization. The State Board of Equalization, after hearing, approved the action of the Railroad and Public Utilities Commission and fixed the assessment at the valuation found by the Commission.

On January 5, 1948, upon application of complainant, the United States District Court at Nashville enjoined extension of taxes on the basis of such assessment and certification to the various collectors. At the same time complainant filed its petition for certiorari in the Circuit Court of Davidson County, seeking to set aside the

assessment on the ground that same was illegal, null and void for reasons stated in the petition.

On January 28, 1948, the Circuit Court of Davidson County held the assessment to be illegal, null and void. The injunction case in the United States District Court was then dismissed.

No review of the judgment of the Circuit Court of Davidson County was sought. The property of complainant was reassessed on October 26, 1948, under the decision of the Circuit Court of Davidson County; and upon certification of the valuation to the Shelby County Trustee, complainant made timely tender of the 1947 tax on the basis of this second assessment. The Trustee of Shelby County refused the tender of the tax, demanding the additional sum of $8,581.92 as interest and penalties which he claimed to have accrued under Code Section 1547 since May 1, 1948, and March 1, 1948, respectively.

On December 28, 1948, complainant paid such interest and penalties under protest. This suit is to recover the above-mentioned interest and penalties. The Trustee and County filed a demurrer to the original bill, contending that the terms of Code Section 1535 provide the exclusive remedy for the taxpayer who deems himself aggrieved at the assessment; that this statute requires payment of tax on the questioned assessment as a prerequisite to avoidance of interest and penalties; that since complainant did not comply with Code Section 1535 by payment of the tax on the basis of the questioned assessment, interest and penalties accrued under Code Section 1547.

It is my view that the action of the Chancellor in overruling the demurrer was correct, but my associates are of the opposite opinion. They hold that by the injunction

in Federal Court, complainant prevented the certification of the first assessment to the County Trustee and thereafter, to avoid imposition of interest and penalty, complainant made no attempt on the first assessment to comply with the provisions of Code Section 1535, which provides the exclusive way by which a dissatisfied taxpayer may avoid the imposition of interest and penalties. Had complainant under the first assessment, overpaid taxes *under protest*, the State would have been compelled to pay complainant interest on that part of the taxes wrongfully collected. It is only by pursuing the remedy provided by Code Section 1535, that the taxpayer can forestall the accrual of interest and penalty under Code Section 1547.

This being a decision of a majority of the Court, it results that the decree of the Chancellor is reversed and the cause remanded for entry of an appropriate decree. Complainant will pay the costs.

All concur.